**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RONALD WAGONER on behalf of himself and all those similarly situated, | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. 09-CV-686-R |
| DHL EXPRESS (USA), INC., W&A CARGO MANAGEMENT, INC. W/K/A W&A CARGO ENT. INC., d/b/a W.H.I.I., L.L.C., and NATHAN WHITE, | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on the Motion to Dismiss, filed by Defendant Nathan White, pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff responded in opposition to the motion. On February 5, 2009, the Court conducted an evidentiary hearing on the issue of personal jurisdiction. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this class action lawsuit seeking to recover unpaid overtime wages pursuant to the Fair Labor Standards Act. Plaintiff seeks to hold Defendant Nathan White liable as an "employer" under the FLSA, defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) . Defendant White filed a motion to dismiss asserting that he does not have sufficient contacts to support the Court's exercise of jurisdiction over him. Defendant contends that any and all contacts he had with Oklahoma were exercised on behalf of either W&A Cargo Management, Inc. or WHII, L.L.C., and thus those contacts do not provide a legal basis for exercising personal jurisdiction over him.

The burden of proof rests on the Plaintiff to establish personal jurisdiction over Defendant White. In a federal question case, the Court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir.2000) (citation omitted). Because there is no federal statute authorizing nationwide personal jurisdiction in this case, Fed.R.Civ.P. 4(k)(1)(A) refers us to the Oklahoma long-arm statute, Okla.Stat.Ann. tit. 12, § 2004(F).

The Oklahoma long-arm statute "permits the exercise of any jurisdiction that is consistent with the United States Constitution," collapsing the personal jurisdiction analysis into a due process inquiry. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir.2000). The Court can exercise personal jurisdiction over a non-resident defendant consistent with the Due Process Clause if "minimum contacts" exist between the Defendant and the forum state. *Id*. Defendant White concedes that he had contact with Oklahoma, but as noted above, he asserts that because those contacts were made in his representative capacity on behalf of either W&A Cargo Enterprises, Inc., or WHII, L.C.C., that the fiduciary shield doctrine precludes the exercise of jurisdiction over him.

The Court notes at the outset that no state court in Oklahoma court has ever specifically adopted the fiduciary shield doctrine. Furthermore,

> "[a]s an equitable principle, the fiduciary shield doctrine is not applied mechanically; the determination of the appropriateness of its application requires an analysis of the particular facts of the case. In each instance, fairness is the ultimate test."

*Home-Stake Production Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1017 (10th Cir. 1990)(quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 903 (2d Cir.1981)). In this case, and in light

of the structure of the FLSA, the Court concludes that fairness would not indicate that the fiduciary

shield should be applied.

The Court's decision is largely premised on the structure of the FLSA and the fact that

Plaintiff seeks to hold Defendant White liable as an employer. As noted, the FMLA provides an

expansive definition of the term employer, and within its ambit are the individual persons

responsible for the terms and conditions of a persons employment. In light of the evidence set forth

below, the Court concludes that Plaintiff has presented sufficient evidence to establish that

Defendant White, in his capacity as a statutory employer under the FLSA, had sufficient minimum

contacts with Oklahoma. *See also Donovan v. Grim Hotel Co.*, 747 F.2d 966, 973 (5th Cir.

1984)(refusing to apply the fiduciary shield doctrine under the FLSA, because the liability of the

individual was personal liability based on his substantial personal control of the terms and conditions

of the forum employees' work in the forum).

The evidence in this case is that Defendant White was sole owner and the only corporate

officer of Defendant W&A Cargo Enterprises, and that he sold the assets of the business and

maintained a position as a corporate officer in WHII, Inc. When W&A Cargo bid for the DHL

contract, Defendant White negotiated and executed the contract with DHL over the phone from his

office in Texas. After winning the bid, Defendant White came to Oklahoma in April 2006 to inspect

the DHL facilities. Mr. White set the employment budget based on the labor contract that he

negotiated, for the Oklahoma City station manager, who was responsible for hiring and firing.[1]

Issues regarding wages were handled by Mr. White in accordance with the contract he negotiated

---

[1] Mr. Wagoner testified at the hearing that he spoke with Mr. White during one of his visits to Oklahoma City regarding use of a minivan as opposed to a larger vehicle to save the company on gas usage.

with the Teamsters. Tr. 22-23. Mr. White testified that in contract negotiations he offered three different contracts, one providing for overtime over forty hours, one for overtime over fifty and one that included no overtime. He contends that union chose no overtime pay based on the ability of its members to work as many hours as they wanted. Tr. 24-25. Thus it appears that Mr. White was directly responsible for the alleged absence of any overtime pay.

Mr. White testified about his trips to Oklahoma, each related to the businesses. His first visit was in April 2006, when he came to talk to the prior A-1 employees[2], to tell them they worked for him now and to get a feel for the operations. Tr. 19, 31. He returned to Oklahoma City in October or November of 2006, to complete negotiations on and execute the union contract. Tr. 35-36. He returned in early 2007, to install new management for WHII. Tr. 36. In that capacity he negotiated contracts with DHL. Tr. 8. Defendant White was retained by WHII for a guaranteed year when WHII bought out W&A Cargo He returned in October or November 2007 to negotiate and sign a new contract with the union on behalf of WHII. Tr. 38. They utilized the same contract as the prior year. Tr. 38. In early 2008, he attended the Oklahoma wedding of a WHII employee, Jim Stoy. Tr. 39. When DHL ceased domestic operations in January 2009, WHII ceased operations as well.

In *Recinos-Recinos v. Express Forestry, Inc.*, 2005 WL 3543722 (E.D.La. 2005), the court considered a case similar to this. Noting the expansive definition of "employer" under the FLSA, the court concluded that because the individual defendants could potentially be liable as employers, that their business contacts with the state of Louisiana on behalf of the corporate employer established sufficient minimum contacts by the individual defendants such that the court could exercise of personal jurisdiction over them. *Id.* at *4.

---

[2] A-! had the DHL contract before W&A Cargo, Enterprises took over.

4

Here, as in *Recinos-Recinos*, there is sufficient evidence that could establish the liability of Mr. White as an employer under the FLSA.  Furthermore, it is apparent that he was instrumental in setting the overtime pay policy for both W&A Cargo Enterprises and WHII.  In light of his positions with those companies and his role with regard to payment of wages, the Court concludes that Defendant White directed his actions to Oklahoma and  availed himself of doing business here for purposes of Plaintiffs' FLSA claims.  As such, he had sufficient contacts with Oklahoma so as to permit the exercise of personal jurisdiction over him.

Having concluded that Defendant White had sufficient minimum contacts with Oklahoma, the Court nevertheless must consider whether the assertion of personal jurisdiction over him comports with fair play and substantial justice.  *Burger King v.  Rudzewicz*, 471 U.S 462, 476-77 (1984); *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).  In making this assessment the Court considers, among other factors, the fairness of requiring Defendant to litigate in Oklahoma, the burden on him, Oklahoma's interest in adjudicating the dispute, the Plaintiffs' interest in a convenient forum..

Given Defendant White's role with both W&A Cargo Enterprises and WHII, regardless of whether he is personally liable in this suit, he will be a part of this suit.  The Court concludes that just as it was not difficult for Defendant White to establish and maintain a business in Oklahoma while residing in Texas, it will not be a substantial burden on him to continue this trial in this forum. Oklahoma clearly has an interest in seeing that its residents are paid wages that are due and owing to them and that its citizens are not exploited by out-of-state employers, and the Plaintiffs, who worked in Oklahoma, have an interest in having their claims adjudicated in this forum.  As a result, the Court concludes that the assertion of personal jurisdiction over Defendant White is fair and

within the limits imposed by due process.  Maintaining this action against Defendant White in this

forum does not offend traditional notions of fair play and substantial justice.

For the reasons set forth herein, the Court concludes that it may properly exercise jurisdiction

over Defendant White for purposes of Plaintiff's FLSA claims.  Accordingly, his  motion to dismiss

is DENIED.

IT IS SO ORDERED this 17th day of February 2010.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE